No. 6595.

WHEELER & PRATT VS. F. M. FISK.

A plea of discharge in bankruptcy cannot be made in the Supreme Court, the jurisdiction being purely appellate.  If the bankruptcy occurred after the trial in the lower court, the discharge would operate a release from the judgment, even though it

should be affirmed by the appellate court after the bankruptcy. The failure by the bankrupt to plead his discharge in the Supreme Court is not, therefore, a waiver of his rights under the discharge because he cannot plead it in that court.

The bankrupt having died in the interval between judgment below and an appeal, and neither his administrator nor heirs having been made parties, the judgment of the appellate court is null, and therefore

A rule upon the surety of the appeal bond to compel him to pay the judgment of the appellate court must be discharged.

APPEAL from the Fourth District Court of New Orleans. HOUSTON, J.

*Breaux, Fenner & Hall* for Plaintiffs. *Semmes* and *Lancaster* for Washburn Appellant.

The plaintiffs obtained judgment for $977.46 against Fisk in January, 1871, who took a suspensive appeal, and Washburn was surety on the appeal bond. Afterwards Fisk was adjudged a bankrupt. In 1874 he moved to dismiss his appeal, alleging his discharge in bankruptcy, and filed the discharge in this court, and this motion was refused, and the case continued for the purpose of citing the assignee. The assignee was thereupon cited, but made no appearance. Fisk died December 12, 1874. Afterwards, and without his heirs or representatives having been made parties, the appeal was heard on its merits, and the judgment below affirmed. The plaintiff thereupon filed in the lower court the mandate of this court, and after proper proceedings, took a rule on Washburn, the surety, to shew cause why he should not pay the judgment. Upon hearing, there was judgment against Washburn, and he took this appeal.

After stating the facts,

SPENCER, J.   The substance of plaintiffs' argument may be stated as follows: —

1. That Fisk having been discharged in bankruptcy from the debt, was no longer a necessary party to the appeal — that he was dismissed properly from the case, and that if he occupied this position while living, his succession and heirs were in like position after his death.

2. That the assignee was the proper representative of Fisk.

3. That Fisk's motion to dismiss was an abandonment of and failure to prosecute his appeal, thereby rendering the surety liable.

Wheeler & Pratt *vs.* Fisk.

We do not see how it can be said that Fisk's motion to dismiss was sustained — or that he was dismissed from the suit. The court expressly refuses to dismiss the appeal, and is silent as to the discharge of Fisk from the suit. It orders the assignee to be made party it is true, but we cannot construe that into a dismissal of Fisk. We are the less inclined to do so, as we hold that a plea of adjudication or discharge in bankruptcy cannot be made in this court. That the jurisdiction of this court is purely appellate and that it is incompetent to try originally the issues which such plea might involve.

We think the proper practice is not to allow such pleas to be made and that it would have been irregular and illegal to have dismissed Fisk from the case and substituted his assignee in bankruptcy.

We must therefore presume that the court meant no more than it said, to wit: that the discharge would protect Fisk from personal responsibility to pay the judgment which might be rendered.

This was true if the discharge was legally obtained. We do not see what injury can result from adhering to the views expressed by us in the case of "Serra è Hijo *v.* Hoffman & Co.," 29 An. 17. If the bankruptcy took place after the trial in the lower court, where alone it could be pleaded and proved, it would operate a discharge of the bankrupt from that judgment, even though affirmed or changed by this court after the bankruptcy ; because the bankrupt has not the right to plead his discharge in this court, and could not therefore be held to have waived it by not pleading it.

A. obtains a judgment against B. who appeals. Pending that appeal B. acquires or obtains a like judgment against A. B. cannot plead the compensation in this court. If the judgment of A. against B. is affirmed by this court even after B. has acquired his judgment against A., cannot B. where A. seeks to execute his judgment, plead its extinction by compensation? So the bankrupt may plead his discharge as a right accruing to him after the trial and judgment. We conclude therefore that there is neither law nor necessity for the practice of allowing bankruptcy to be pleaded in this court, and as a sequence of this, we hold that Fisk was not and could not legally be dismissed. That the suit should have proceeded as though no bankruptcy had occurred, and that when Fisk died his succession and heirs should have been made parties.

Whilst a failure to file a transcript in this court within the legal delays, or a voluntary dismissal of the appeal would doubtless amount to a failure to prosecute within the meaning of the Code, we do not think that a mere motion to dismiss, not granted, and evidently made under a misapprehension of rights, should be held to be such failure as would irrevocably fix the liability of the surety.

We conclude therefore that the proceedings and judgment against the surety in this case were premature, as no valid judgment could be or was rendered in the case of Wheeler and Pratt *v.* S. M. Fisk, after defendant's death, without citing his heirs and legal representatives.

*Judgment reversed and rule dismissed.*